### GURDON BILL *vs.* GILBERT BARKER.

A guaranty of payment for goods to be supplied to two partners is discharged by an arrangement between them and the creditor, by which, before payment for goods so supplied, one of the partners goes out of the business, and the other gives his individual note, payable to the creditor and another person jointly, and no demand of payment is made on the outgoing partner.

ACTION OF CONTRACT on a guaranty by which the defendant requested the plaintiff to supply Franklin Barker and H. H. Shumway, partners, under the name of Barker & Shumway, with certain books, not exceeding one hundred copies at a time; agreed " to become responsible to pay for the same, provided said Barker & Shumway shall fail to pay ; " and waived all notice, either of amount furnished, or of default in payment. Trial in the superior court before *Rockwell*, J., to whose rulings the plaintiff alleged exceptions. The case is stated in the opinion.

*E. W. Bond*, for the plaintiff.

*F. Chamberlin*, for the defendant.

DEWEY, J. The various acts on the part of the plaintiff in reference to the subject of the guaranty have discharged the guarantor. The new arrangement made with Franklin Barker, discontinuing the dealing with Barker & Shumway, as was the arrangement existing when this guaranty was given, and in reference to which it was designed as security, operated to change the position of the guarantor. In concurrence with Franklin Barker, it was arranged by the plaintiff, soon after the first sale of books, and before the same had reached the vendees, that Shumway should go out of the concern, and in accordance with this separation of the parties, the negotiable note of Franklin Barker alone was subsequently taken, payable in sixty days to G. & F. Bill, a new firm, at the Chicopee Bank, and discounted, which note, not having been paid, was renewed by another note of like amount payable to the same persons in thirty days. This latter note was held by the payees as their property, and payment demanded of the maker by G. & F. Bill.

The mere taking of a promissory note for the amount of a debt contracted under a guaranty does not necessarily discharge a guaranty for articles of merchandise, for which the note is given; but here the whole course of dealing had changed. Shumway was no longer treated as a joint debtor with Barker, and the notes given for the original indebtedness were not only signed by Franklin Barker alone, but made payable to a new firm, not the original creditor holding the guaranty. The letter of G. & F. Bill to Barker of May 7th 1858 treats the debt as the sole debt of Barker. The guaranty of the defendant was for goods to be furnished Barker & Shumway, and he agreed " to become responsible to pay for the same, provided Barker & Shumway shall fail to pay."

Upon these facts thus proved and uncontroverted, in the opinion of this court, the defendant was entitled to a verdict, and the presiding judge properly stated that he should direct the jury to render a verdict for the defendant, unless a nonsuit should be consented to.          *Exceptions overruled.*